IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIUS BOWE, #124 850, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 2:14-CV-342-WHA |
| | ) [WO] |
| DR. COPELAND, *et al.*, | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Draper Correctional Facility ["Draper"], challenges the adequacy of medical treatment provided to him regarding an ongoing severe skin infection which he contends causes him continuing pain and discomfort. Plaintiff names Doctor Mendez and Doctor Copeland as the defendants in this cause of action.

Defendants filed an answer, special report, supplemental special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. *Doc. Nos. 17, 18, 22*. In these documents, Defendants assert that the complaint is due to be dismissed because Plaintiff failed to exhaust an administrative remedy available to him through the prison system's medical care provider, Corizon, Inc., prior to initiation of this case. In addition, Defendants maintain that Plaintiff received appropriate medical treatment during the time relevant to the matters alleged in the instant complaint. *See Doc. No. 17, Mendez*

*Affidavit & Exh. A*.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendants' report as a motion to dismiss. *Doc. No. 21*; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense -- as in [this] case -- is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"). The court granted Plaintiff an opportunity to file a response to Defendants' motion in which he was advised to "specifically address Defendants' argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"). *Id.* at 1 (footnote omitted). Plaintiff filed no response. Thus, this case is now pending on Defendants' motion to dismiss. Upon consideration of motion and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion to dismiss is due to be granted.

## II.  STANDARD OF REVIEW

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make

'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373–74, 1376)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed.Appx. 364, 366 (11th Cir. 2012). Defendants bear the burden of proof during this second step. *Turner*, 541 F.3d at 1082.

### III.  DISCUSSION

Plaintiff challenges the adequacy of medical care that he received while incarcerated at Draper for an ongoing skin problem which began in April of 2010. Specifically, Plaintiff maintains that Defendants repeatedly denied him access to a free-world medical provider and failed to prescribe appropriate and effective medication for his condition. *Doc. No. 1*. In response to the complaint, Defendants deny that they provided Plaintiff with constitutionally inadequate medical care and argue that this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided by the institutional medical care provider prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). As explained, federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot

4

"satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. Appx. 81, 83 (11th Cir. 2012) (per curiam). Even where an inmate litigant "attempt[s] to amend or supplement his original complaint" regarding efforts at subsequent exhaustion, it does "not change the important historical fact: his administrative remedies were unexhausted when he filed his original complaint. Therefore, he cannot cure the exhaustion defect." *Id*.

The record is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. *Doc. No.17, Mendez Affidavit; Doc. No. 22, Ellis Affidavit*. Defendants submitted evidence which reflects that when inmates are processed into the custody of the Alabama Department of Corrections they are informed of the process and procedure for obtaining medical care and medication and are also educated about the availability of the medical grievance process whereby they may voice complaints regarding

any medical treatment sought or received during their incarceration. Inmate grievance forms are available to inmates at Draper for the purpose of submitting a grievance related to the provision of health care; inmate grievances are answered within approximately five days of receipt of the grievance, and the inmate grievance form provides information about how an inmate may appeal the response he receives to his initial inmate grievance. *Id*. A written response to a formal grievance appeal is provided in approximately five days of receipt. *Id*. Inmates are provided with a copy of the completed grievance and/or grievance appeal containing the health service administrator's response. *Id*. Defendants' evidence reflects that Plaintiff affixed his signature to a copy of the "Access to Healthcare Services" information sheet which provides inmates with information regarding how to access the facility's provision of health care as well as the procedure for submitting an inmate grievance related to the provision of dental, medical, and mental health care. *Doc. No. 22, Ellis Affidavit, Exh. C*. Defendants state that a search of Plaintiff's medical records failed to reveal any grievance filed by Plaintiff during his incarceration at Draper. *Doc. No. 17, Mendez Affidavit, Exh. A; Doc. No. 22, Ellis Affidavit*.

      The court granted Plaintiff an opportunity to respond to the exhaustion defense raised by Defendants in their motion to dismiss, but he did not do so. *Doc. No. 21*. It therefore finds that a grievance system is available at Draper for Plaintiff's claims, but he failed to exhaust the administrative remedy available to him. The undisputed record before the court demonstrates that Plaintiff failed to exhaust an administrative remedy available

to him at Draper regarding his allegation of inadequate medical care prior to seeking federal relief, a precondition to proceeding in this court on his claims. Specifically, the court finds that Plaintiff submitted no grievance as permitted by the institution's medical grievance procedure prior to filing this cause of action. Any grievances filed after initiation of this federal cause of action have no bearing on Plaintiff's proper exhaustion of the administrative remedy provided by the facility's medical provider. *Terry*, 491 Fed.Appx. at 83.

For the foregoing reasons, Defendants' motion seeking dismissal for Plaintiff's failure to exhaust available administrative remedies should be granted, and such dismissal should be without prejudice. *See Ngo*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice);*Woodford*, 548 U.S. at 87-94.

## IV.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The motion to dismiss filed by Defendants (*Doc. No. 17, 22*) be GRANTED as Plaintiff failed to exhaust an administrative remedy available to him at the Draper Correctional Facility prior to filing this federal civil action;

2. This case be DISMISSED without prejudice against Defendants under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy.

3.  No costs be taxed.

It is further

ORDERED that on or before **October 17, 2014,** the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE